UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

101 West Lombard Street
Baltimore, Maryland 21201
MDD_DRMChambers@mdd.uscourts.gov
(410) 962-7770

February 18, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Marge B. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 25-0495-DRM

Dear Counsel:

On February 18, 2025, Plaintiff Marge B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 8, 12, 14, 15. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefit benefits ("DIB") and a Title XVI application for Supplemental Society Income Benefits ("SSI") on January 18, 2016, alleging a disability onset of November 18, 2015. Tr. 275-314. Plaintiff's claims were denied initially and on reconsideration. Tr. 219-224. On June 28, 2018, an Administrative Law Judge ("ALJ") held a hearing. Tr. 229-231. Following the hearing, on September 24, 2018, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 100-116. On August 15, 2019, the Appeals Council denied Plaintiff's request for review, Tr. 94-99, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Michelle King, the Acting Commissioner of Social Security on February 18, 2025. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since November 18, 2015, the alleged onset date." Tr. 105. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "intracranial hypertension, pseudotumor cerebri, headaches, and vertigo." Tr. 105. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 106. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she must avoid work around unprotected heights or dangerous machinery. The claimant must work in a controlled environment away from bright sunlight. She must avoid jobs requiring fine visual acuity.

Tr. 106. The ALJ determined that Plaintiff did not have any past relevant work and could perform jobs that existed in significant numbers in the national economy, such as information clerk, hostess, sorter/examiner, and sedentary information clerk. Tr. 109-110. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 110.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g., Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997);

*DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

On appeal, Plaintiff argues that the ALJ committed reversible error by failing to properly apply and document the "special technique" for evaluating mental impairments under 20 C.F.R. § 404.1520a, contending that the ALJ ignored extensive longitudinal evidence of anxiety, depression, and related functional limitations, and improperly required objective corroboration of subjective symptoms. ECF No. 12 at 7-15. The Commissioner responds that the ALJ adequately evaluated Plaintiff's mental impairments; reasonably found them non-severe based on minimal treatment, largely normal examinations, daily activities, and consistent state-agency opinions; and sufficiently addressed mental functioning both at step two and in the RFC analysis. ECF No. 14. In reply, Plaintiff maintains that the Commissioner's arguments do not cure the ALJ's regulatory violations and reiterates that the failure to properly apply the special technique tainted the entire sequential evaluation, warranting remand. ECF No. 15.

When an ALJ evaluates the severity of a claimant's mental impairment, they "must follow a special technique." 20 C.F.R. § 404.1520a; *Sandra C. v. Kijakazi*, No. TJS-20-3065, 2021 WL 5937069, at *2 (D. Md. Nov. 23, 2021) (citing *Patterson v. Comm'r of Soc. Sec. Admin*, 846 F.3d 656, 661 (4th Cir. 2017) ("The special-technique regulation's plain language describes what the SSA *must* do.")). Importantly, "the special-technique regulation affects how an ALJ evaluates and documents his process at steps 1 through 4 if the claimant alleges a mental impairment." *Id.*; *accord*, *Grant D. v. Saul*, No. DLB-19-3102, 2021 WL 1222946, at *3 (D. Md. Mar. 31, 2021).

If the claimant is found to have such a mental impairment, then the reviewing authority must "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c)," 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2). Paragraph (c) specifies four broad functional areas: (1) "understand, remember, or apply information"; (2) "interact with others"; (3) "concentrate, persist, or maintain pace"; and (4) "adapt or manage oneself"—which correspond with the "paragraph B criteria" of the listings for mental disorders as explained in 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(A)(2)(b)). 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).

"To satisfy the paragraph B criteria, [a claimant's] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(A)(2)(b). According to the regulations, if the degree of limitation in each of the four areas is rated "none" or "mild," then the reviewing authority generally will conclude that the claimant's mental impairment is not "severe," "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

Here, at step two of the sequential evaluation process, the ALJ concluded Plaintiff suffered from generalized anxiety, but that the impairment was nonsevere. Tr. 106. Specifically, the ALJ stated:

> All other alleged impairments are nonsevere because they did not exist for a continuous period of at least 12 months, were responsive to medication, did not require any significant medical treatment, or did not result in any continuous exertional or nonexertional functional limitations (20 CFR 404.1509 and 416.909; Gross v. Heckler, 785 F. 2d 1163 (4th Cir. 1986); and Social Security Ruling 85- 28). Specifically, the claimant was generalized [*sic*³] with  a generalized anxiety disorder. She received conservative treatment and there is no objective evidence of any significant mental limitations (Exhibit 8F). Based on the mental health treatment notes at Exhibit 8F, the claimant has no limitation in understanding, remembering or applying information; no limitation in interacting with others; no limitation in concentration, persistence, or pace; and no limitation in adapting and managing oneself.

Tr. 105-106.

As Plaintiff correctly points out, the ALJ's decision lacks analysis of Plaintiff's mental impairments that comports with the special-technique regulation. While the ALJ found that Plaintiff suffered from the medically determinable mental impairment of generalized anxiety disorder and rated Plaintiff in the four broad areas of mental functioning, the ALJ did not "specify the symptoms, signs, and laboratory findings that substantiate" the conclusions. *Trishanna B. v. Kijakazi*, No. ADC-22-858, 2023 WL 2025031, at *4 (D. Md. Feb. 15, 2023) (citing 20 C.F.R. § 404.1520a(b)(1)). Indeed, the ALJ merely stated that Plaintiff suffers from the mental impairment, cited one exhibit, and proceeded to rate Plaintiff in the four broad areas of mental functioning without any further analysis. *Trishanna B.*, 2023 WL 2025031 at *5. Because the special-technique regulation requires that the ALJ "document all of the special technique's steps," the ALJ erred by stating Plaintiff's paragraph B ratings in a conclusory manner. *Patterson*, 846 F.3d at 659 (citing 20 C.F.R. § 404.1520a(e)(4)). In making the conclusory findings, the ALJ failed to build a logical bridge to her conclusion that Plaintiff suffered from these mental impairments, but that the impairment was nonsevere. Because the Court cannot determine how the ALJ concluded that Plaintiff's impairment is nonsevere, the ALJ's decision is not supported by substantial evidence.

The ALJ's omission of discussion of the non-severe mental impairments in accordance with the special-technique regulation precludes this Court's ability to meaningfully the ALJ's decision. Accordingly, akin to the Fourth Circuit's holdings in *Patterson* and its progeny, the ALJ's failure to articulate a reviewable RFC warrants remand.

## V.     <u>CONCLUSION</u>

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED.

---

³ "Diagnosed" was presumably intended.

*Marge B. v. Bisignano*
Civil No. 25-0495-DRM
February 18, 2026
Page 5

    Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

                        Sincerely,

                        /s/

                        Douglas R. Miller
                        United States Magistrate Judge